Requestor: Hon. Thomas Sobol, Commissioner New York State Department of Education Education Building Albany, N.Y. 12234
Written by: Robert Abrams, Attorney General
Your counsel has inquired whether employees of schools listed in Education Law § 4201, who work in programs authorized in Education Law § 4410, are eligible for membership in the New York State Employees' Retirement System. We conclude they are.
Education Law § 4201 (hereafter, "Ed L") sets forth a listing of institutions (at present, ten institutions) for the instruction of the deaf and of the blind (hereafter, "§ 4201 schools"). The State pays to § 4201 schools board, lodging and tuition for deaf pupils and blind pupils attending § 4201 schools, pursuant to the provisions of Ed L §§ 4204 and 4207, respectively.
Since 1923, teachers at § 4201 schools have been eligible for membership in the New York State Employees' Retirement System (hereafter, "ERS") (L 1923, ch 705; Retirement and Social Security Law § 2(11)(c), hereafter, "RSSL"). In 1965, RSSL § 40(c)(6) was amended to make all employees of § 4201 schools eligible for membership in the ERS (L 1965, ch 574). RSSL § 40(c)(6) provides as follows:
 "c. The following may become members of the retirement system:
. . .
 "6. An officer or employee who is in the service of an institution for the instruction of the deaf, mute or the blind, which receives state pupils whose instruction and support are paid for by the state or a participating employer."
Pursuant to L 1989, ch 243, a comprehensive scheme was established to provide special education services and programs for preschool children with handicapping conditions. That chapter enacted Ed L § 4410 which provides that school districts are responsible for the provision of special education services and programs to qualified children (§ 4410(2), hereafter, " § 4410 programs"); that providers of special services or programs shall be approved by the Commissioner of Education (§ 4410(9), hereafter, "Commissioner"); that tuition rates for special services or programs shall be determined by the Commissioner, subject to approval by the State's Director of the Budget (§ 4410(10)); that the costs of special services or programs shall be a charge upon and shall be paid in the first instance by the municipality in which the child resides (§ 4410(11)(a)); and that the State shall reimburse 50% of the costs paid by a municipality (§ 4410(11)(b)).
Your counsel advises that certain § 4201 schools have been approved as providers of § 4410 programs.
Nothing in the bill jacket for chapter 243 of the Laws of 1989 indicates that the Legislature gave any consideration to whether, if § 4201 schools became approved providers of § 4410 programs, employees of § 4201 schools who were employed in relation to § 4410 programs would be eligible for membership in the ERS.
The language of RSSL § 40(c)(6) indicates clearly and unambiguously that all employees of § 4201 institutions are eligible for membership in the ERS. Because the language of RSSL § 40(c)(6) is clear and unambiguous, the language is not in need of statutory construction.Doctors Council, et al. v New York City Employees' Retirement System, etal., 71 N.Y.2d 669 (1988).
Your counsel directs our attention to 1965 Op Atty Gen 25. That opinion acknowledges that employees of § 4201 schools, including teachers, are eligible for membership in the ERS. The opinion indicates further that to the extent an employee at a § 4201 school receives salary which is paid directly or indirectly or "ultimately" by the State, the employee is, to that extent, in State service. We note that the State will pay 50% of the approved costs, including salary, of § 4410 programs at § 4201 schools.
The source of funds from which an employee at a § 4201 school receives salary may affect the computation of employer and employee contributions and benefits. That is, under the RSSL, a portion of the remuneration an employee receives may be disregarded for purposes of determining employer and employee contributions and benefits, depending upon the source of remuneration. See, for instance, 1960 Op Atty Gen 25; 1958 Op Atty Gen 152; 1948 Op Atty Gen 113. With respect to employees of § 4201 schools whose salaries were paid with certain Federal funding, it is our understanding that the ERS has applied the foregoing principles. That is, such employees have been deemed eligible for membership in the ERS, but that portion of employee salary funded with certain Federal moneys has been disregarded in determining employer and employee contributions to the ERS. The Comptroller is empowered by RSSL §§ 11(c), 17(a) and 21(d) to determine employer and employee contributions.
Thus, we agree with your counsel that the source of funding does matter, but not for purposes of determining eligibility of employees of § 4201 schools for membership in the retirement system. We believe the statute clearly makes employees of § 4201 schools eligible for membership.
In sum, we conclude that employees of § 4201 schools who are employed in § 4410 programs are eligible for membership in the ERS.